IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUSSELL CARTER, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LUIS LAPITZ, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Russell Carter ("Plaintiff" or "Carter"), and files this lawsuit against Defendant Luis Lapitz ("Defendant" or "Lapitz"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.      Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from December 2015 until March 2017.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

8.

During the last three years, Plaintiff was employed by Defendant as a construction worker, primarily performing carpentry and painting.

9.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce.

11.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation, calculated at one and one half times Plaintiff's regular rate of pay.

12.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff as an "independent contractor."

13.

During the last three years, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

14.

The manual labor involved in Plaintiff's position for Defendant did not require specialized skill.

15.

Throughout his employment with Defendant, Plaintiff worked substantially in excess of 40 hours each week and he was entirely economically dependent on Defendant.

16.

Rather than pay Plaintiff time and a half for his overtime hours, Defendant paid Plaintiff his regular hourly rate for hours worked over 40 in workweeks.

17.

Defendant is an "employer" within the definition of the FLSA.

18.

Defendant is governed by and subject to the FLSA.

19.

Throughout his employment with Defendant, Plaintiff was treated as an independent contractor by Defendant.

20.

Defendant is involved in the day-to-day operations and has substantial operational control over the business for which he employed Plaintiff, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

21.

Defendant exerts substantial control over his company's compliance with the FLSA, including with respect to Plaintiff.

22.

Defendant has the power to hire and fire employees of his business, including, without limitation, individuals employed in the same capacity as Plaintiff.

23.

Defendant controls employee work schedules, pay methods, and conditions of employment, including Plaintiff's.

24.

Defendant's business had gross annual sales in excess of $500,000 in 2015 and 2016.

## Count I

## Violation of the Minimum and Overtime Wage Requirements of the Fair Labor Standards Act

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay the applicable minimum and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

27.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek. The FLSA requires employers to pay a direct minimum wage for all hours worked.

28.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation, and routinely failed to provide Plaintiff the applicable overtime wage for his hours worked over 40 in workweeks.

29.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

30.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

31.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

32.

Defendant's violations of the overtime provisions of the FLSA were willful and in bad faith.

33.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid minimum and overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid overtime wages pursuant to the FLSA, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims and additional parties if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 26th day of May, 2017.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff Russell Carter

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile